Raksm MEAS, a.k.a. Raskmy Meas, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 06–70994.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 7, 2009.

Bill Waddell, Esq., Law Office of Bill Waddell, San Diego, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Securi-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ty, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony W. Norwood, Esq., DOJ-U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Raksm Meas, a native and citizen of Cambodia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo whether a particular offense is an aggravated felony, *Ngaeth v. Mukasey,* 545 F.3d 796, 800 (9th Cir.2008) (per curiam), and we deny the petition for review.

The agency properly determined that Meas' conviction under California Penal Code § 459, for which he was sentenced to sixteen months imprisonment, constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(G) and (U), where the record of conviction establishes that Meas pled guilty to "enter[ing a] locked car to steal." *See Ngaeth,* 545 F.3d at 802 (conviction for entering a locked vehicle with the intent to commit theft constitutes an attempted theft offense for purposes of the aggravated felony definition).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).